JULIE LYNETTE KIBBIE,                    :
                    Plaintiff            :
                                         :
        v.                               :        3:CV-08-1804
                                         :        (JUDGE VANASKIE)
BP/ CITIBANK, et al                      :
                    Defendants           :

## MEMORANDUM

Plaintiff, Julie Lynette Kibbie, proceeding pro se, brought this action alleging violation of her rights under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Defendants Verizon and World Financial Network National Bank ("WFNNB") have filed Motions to Dismiss.  Verizon has also filed a Motion to Strike Plaintiff's Brief in Opposition based on Plaintiff's inclusion of settlement discussions in her argument.

Defendant Verizon's Motion to Dismiss will be granted as Plaintiff has failed to properly plead a cause of action against it.  Verizon's Motion to Strike will also be granted as Plaintiff's brief improperly relies on settlement discussions.  Plaintiff has properly pled a claim pursuant to the Fair Credit Reporting Act against WFNNB, but not under the Fair Debt Collection Practices Act as WFNNB is not a debt collector as defined by the statute.  Accordingly, WFNNB'S motion will be granted in part.

In addition to Defendants' motions, Plaintiff has filed a motion for a default judgment against Defendant Financial Recoveries, three motions to strike accounts from her credit report,

a motion for leave to file a second amended complaint, and a motion for sanctions. Plaintiff's motions to strike accounts for her credit report will be dismissed as without merit. Plaintiff's failure to file supporting briefs is fatal to both her motion for default judgment and her motion for sanctions; consequently, both motions will be dismissed. Permitting Plaintiff to file her proposed second amended complaint would be futile; accordingly, the motion for leave to file a second amended complaint will be denied.

I. BACKGROUND

On September 30, 2008, Plaintiff filed a pro se complaint pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Dkt. 1.) On October 27, 2008, Plaintiff filed a First Amended Complaint against Defendants BP/Citibank, Citgo Citibank, Equifax, Experian, Financial Recoveries, Harleysville National Bank & Trust, Sterling, Trans Union, Focus Receivable Management, Unique Management Services, Inc. d/b/a Unique National Collections, WFNNB/New York & Co., Verizon, and Brian Lazar. (Dkt. 20.) Plaintiff's twelve count complaint asserts violation of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act against each of the Defendants, excluding Verizon. (Id.) There are no counts in the First Amended Complaint alleging claims against Verizon. (Id.)

As of the date of this Memorandum, Plaintiff has settled her claims against BP/Citibank (Dkt. 65), Citgo/Citibank (Dkt. 65), Equifax (Dkt. 87), Harleysville National Bank & Trust (Dkt.

132), Unique Management Services Inc. (Dkt. 96), Brian Lazar (Dkt. 30), Sterling Credit Corp.

(Dkt. 115), and Focus Receivables Management (Dkt. 123). The remaining Defendants include

Experian, Financial Recoveries, Trans Union, WFNNB, and Verizon.

Plaintiff claims that Experian is a credit reporting agency as defined by 15 U.S.C. §

1692a, and that she contacted Experian

> via certified mail on August 12, 2008, disputing the accounts with the following
> creditors for improper validation: AFNI, Inc., Elan Financial Services, Inc., Apex
> Asset Management, Harleysville National Bank and Trust, Primus Financial
> Services, Sterling Corporation, Unique National Credit, WFNN[B]/New York and
> Company, Financial Recoveries, Citgo/Citibank SD, BP/Citibank, and NCO
> Financial.

(Dkt. 20, at ¶ 70.) On August 16, 2008, Experian sent her a letter indicating that the Apex

Asset Management account would be updated and the account was subsequently removed.

(Id. at ¶ 72.) She avers that the certified mail receipt of her August 12, 2008 letter was signed

by an agent of Experian on August 19, 2008, (id. at ¶ 71), and that on August 25, 2008,

Experian sent her a letter indicating "accounts disputed have 30 days to respond." (Id. at ¶ 73.)

Plaintiff states that on September 11, 2008, Experian provided an updated credit report which

indicated that Unique National Collections, WFNNB, and Financial Recoveries were updated

and that the Sterling Credit account remained on file. (Id. at ¶ 74.)

Plaintiff alleges that Experian failed to provide her "with the response information from

the creditors in accordance with 15 U.S.C. § 1681i," (id. at ¶ 76), and failed to remove the Elan

Financial Services, Financial Recoveries, Sterling Credit, Unique National Collections, and

3

WFNNB accounts from her report in violation of 15 U.S.C. § 1681i. (Id. at ¶ 75.) She states

that to the best of her knowledge and belief "Experian failed to provide the other credit bureaus

with the accurate information related to AFNI, Inc, Apex Asset Management, Primus Financial

Services, Inc., Harleysville National Bank and Trust, Citgo/Citibank, NCO Financial and

BP/Citibank in accordance with 15 U.S.C. § 1681s(2), FCRA § 623(a)(C)." (Id. at ¶ 77.) She

alleges that Experian has failed to follow the compliance procedures required by 15 U.S.C. §

1681e, (id. at ¶ 79), and that Equifax (not Experian), "has failed to mark the debts as 'disputed'

or 'under investigation' on Plaintiff's credit report in accordance with 15 U.S.C. § 1681(c)," and

continues to report the adverse accounts. (Id. at ¶ 78.) Plaintiff avers that Experian's conduct

was willful, wanton, and malicious and that, in addition to embarrassment and duress, it has

caused her to be denied applications for credit and has required her to pay higher interest

rates. (Id. at ¶¶ 80-82.)

Plaintiff claims that Trans Union is a credit reporting agency as defined by 15 U.S.C. §

1692a, and that she contacted Trans Union

> via certified mail on August 12, 2008, disputing the accounts with the following
> creditors for improper validation: AFNI, Inc., Elan Financial Services, Inc., Apex
> Asset Management, Harleysville National Bank and Trust, Primus Financial
> Services, Sterling Corporation, Unique National Credit, WFNN[B]/New York and
> Company, Financial Recoveries, Citgo/Citibank SD, BP/Citibank, and NCO
> Financial.

(Dkt. 20, at ¶ 111.) The letter was received on August 18, 2008, and in a reply letter dated

August 19, 2008, Trans Union indicated that the "disputed accounts did not exist on Plaintiff's

credit report." (Id. at ¶ 113.)  Plaintiff states that Trans Union failed to remove the Harleysville National Bank judgment, Elan Financial Services account, and WFNNB account in violation of 15 U.S.C. § 1681i, and has failed to provide her with the response information from her creditors in violation of 15 U.S.C. § 1681i.  (Id. at ¶¶ 114-15.)  She also alleges that Trans Union has failed to provide the other credit bureaus with the accurate information related to her accounts.  (Id. at ¶ 116.)  Plaintiff avers that the Harleysville National Bank and Trust, Elan Financial, and WFNNB accounts remain on her credit report and that Trans Union has failed to mark the debts as "disputed" or "under investigation" in violation of 15 U.S.C. § 1681c.  (Id. at ¶ 117-18.)  She alleges that Trans Union's conduct was willful, wanton, and malicious and that, in addition to embarrassment and duress, it has affected her credit, caused her to be denied applications for credit, and has required her to pay higher interest rates.  (Id. at ¶¶ 119-21.)

Count nine of Plaintiff's Amended Complaint includes claims for relief against Defendant WFNNB.  Plaintiff avers that she contacted WFNNB by certified mail on July 8, 2008, requesting a validation of debt pursuant to 15 U.S.C. § 1692g,[1] and expressing a desire to

---

[1] Section 1662g(b) of Title 15 of the United States Code provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is

settle the debt upon validation.  (Id. at ¶ 134.)  Plaintiff's letter was received on July 12, 2008

(Id. at ¶ 135), but WFNNB did not respond.  "Plaintiff again contacted Defendant, WFNNB, via

certified mail on August 14, 2008, . . . asking for a 'validation of debt' pursuant to 15 U.S.C. §

1692(g)."  (Id. at ¶ 136.)  WFNNB received the letter on August 18, 2008.  (Id. at ¶ 137.)  On

August 28, 2008, WFNNB sent Plaintiff a letter indicating that they were unwilling to provide

any information regarding the account.  (Id. at ¶ 139.)  Since then, WFNNB has failed to

remove the debt from Plaintiff's credit report and has failed to mark the debt as "disputed" or

"under investigation," allegedly in violation of 15 U.S.C. § 1681i.  (Id. at ¶¶ 140-41.)  Plaintiff

avers that WFNNB's conduct was willful, wanton, and malicious and that, in addition to

embarrassment and duress, it has caused her to be denied applications for credit and has

required her to pay higher interest rates. (Id. at ¶¶ 119-21.)

Count ten of Plaintiff's Amended Complaint alleges claims against Defendant Financial

Recoveries.  Plaintiff avers that Financial Recoveries is a "debt collector" as defined in 15

U.S.C. § 1692a(6).  (Id. at ¶¶ 12-13.)  Plaintiff avers she contacted Financial Recoveries via

certified mail on July 8, 2008, requesting a "validation of debt" pursuant to 15 U.S.C. § 1692g,

and expressing a desire to settle the debt upon validation.  (Id. at ¶ 146.)  On August 10, 2008,

Plaintiff's letter was returned to her as "Not Deliverable as Addressed, Unable to Forward".  (Id.

---

mailed to the consumer by the debt collector.

15 U.S.C.A. § 1692g(b).

at ¶ 147.)  Plaintiff sent a second certified letter on August 15, 2008, which was returned on

September 5, 2008, as "Return to Sender, Refused, Unable to Forward."  (Id. at ¶¶ 148-49.)

Plaintiff alleges that Financial Recoveries has not responded to her request for validation in

violation of 15 U.S.C. § 1692g, (id. at ¶ 151), has failed to remove the alleged debt from her

credit report in violation of 15 U.S.C. § 1681i, (id. at ¶ 152), has failed to mark the debt as

"disputed" or "under investigation" in violation of 15 U.S.C. § 1681i, (id. at ¶ 153), and has failed

to update its address with the credit bureaus in accordance with 15 U.S.C. § 1681s-(2).  (Id. at

¶ 154.)  Plaintiff avers that Financial Recoveries' conduct was willful, wanton, and malicious,

and that it has caused her to be denied applications for credit and has required her to pay

higher interest rates. (Id. at ¶¶ 155-56.)

As noted above, Plaintiff's Amended Complaint does not include any claim against

Verizon.  Nor does the Amended Complaint make any mention of Verizon other than in the

caption.

With regard to relief, Plaintiff requests:

this Honorable Court grant Judgment for Plaintiff in such sum that is reasonable,
and additional damages under 15 U.S.C. § 1692(k), FDCPA § 813(a)(2)(A), plus
attorney's fees under 15 U.S.C. § 1692(k), FDCPA § 813(a)(3) and 15 U.S.C. §
1692(k), FDCPA § 813(b)(1) and all allowable costs of suit.

(Id. at 8, 12, 14, 15.)

Currently pending is WFNNB's Motion to Dismiss (Dkt. 39), Verizon's Motion to Dismiss

(Dkt. 64), Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 67), Verizon's

Motion to Strike Plaintiff's Brief in Opposition to Motion to Dismiss (Dkt. 89), Plaintiff's Motion for a Default Judgment against Defendant Financial Recoveries (Dkt. 100), and Plaintiff's Motion to Strike the WFNNB Account (Dkt. 108), Financial Recoveries Account (Dkt. 109), and Verizon Account (Dkt. 110) from her credit report. The briefing period for each of these motions has expired and the claims are ripe for review.

## II. DISCUSSION

### A. Motions to Dismiss

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the cause of action." Id.

The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims. United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). The Supreme Court recently abrogated its longstanding decision in

Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which had held that a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

As a result of Twombly, plaintiffs are required to nudge their claims "across the line from conceivable to plausible." Id. To state a claim consistent with the language of Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above a speculative level." Id. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). As such, courts may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 127 S.Ct. at 1969; see also Phillips, 515 F.3d at 234 (in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).

Moreover, the Court's more recent decision in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (May 18, 2009), held that Rule 8 mark "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the complaint should be dismissed.  Id.

Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint which sets forth facts affirmatively demonstrating that the plaintiff has no right to recover is properly dismissed without leave to amend.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

1.  WFNNB's Motion to Dismiss

Plaintiff's Amended Complaint presents claims against WFNNB alleging violation of 15 U.S.C. § 1692g, 15 U.S.C. § 1681i, and 15 U.S.C. § 1681s-(2).  WFNNB moves to dismiss, contending:

> Plaintiff's FDCPA claim fails as a matter of law because Defendant is not [a] debt collector subject to FDCPA.  Rather, WFNNB is a "creditor," to which the FDCPA does not apply.  Second, . . . Plaintiff's claims under FCRA should be dismissed to the extent they arise under 15 U.S.C. § 1681s-2(a) because there is no private

cause of action under Section § 1681s-2(a).

(Dkt. 40, at 2.)

a. Fair Debt Collection Practices Act

The purpose of the Fair Debt Collection Practices Act ("FDCPA") is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692. The FDCPA defines a "creditor," in part, as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C.A. § 1692a(4). The FDCPA defines "debt collector," in part, as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or <u>due another</u>." 15 U.S.C.A. § 1692a(6) (emphasis added).

> The FDCPA's provisions generally apply only to "debt collectors." <u>Petit v. Retrieval Masters Creditors Bureau, Inc.,</u> 211 F.3d 1057, 1059 (7th Cir. 2000). Creditors - as opposed to "debt collectors" - generally are not subject to the FDCPA. <u>See</u> <u>Aubert v. American Gen. Fin., Inc.,</u> 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection . . . are not subject to the Act. . . . Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own."); <u>Staub,</u> 626 F.2d at 277 ("The FDCPA does not apply to persons or businesses collecting debts on their own behalf."); Hon. D. Duff McKee, <u>Liability of Debt Collector to Debtor under the Federal Fair Debt Collection Practices Act,</u> 41 Am. Jur. Proof of Facts

3d 159, at § 3 (1997) . . . ("Interestingly, the term 'debt collector' does not include the creditor collecting its own debt.").

Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000).

Plaintiff admits that WFNNB is a creditor, and not a debt collector (see Dkt. 20, at ¶134), and does not allege that WFNNB has tried to collect the debt in a name other than its own. See Pollice, 225 F.3d at 403. Accordingly, the FDCPA claim against WFNNB will be dismissed.

### b. Fair Credit Reporting Act

In addition to a claim pursuant to the FDCPA, Plaintiff also brought claims against WFNNB pursuant to the Fair Credit Reporting Act ("FCRA"). "The purpose of the FCRA is to 'insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy.'" Sites v. Nationstar Mort. LLC, No. 1:07cv00469, 2009 WL 117844, at *3 (M.D. Pa. Jan. 16, 2009) (quoting 15 U.S.C. § 1681a(4) (2006)).

Section 1681s-2 of the FCRA provides for the duties of furnishers of information. 15 U.S.C. § 1681s-2. Although the FCRA does not define "furnishers of information," it is "generally understood to include various types of creditors, such as banks and other lenders, that provide credit information about their customers to other entities that issue consumer reports about the customers' credit worthiness." Ross v. Washington Mut. Bank, 566 F. Supp. 2d 468, 475 n.1 (E.D.N.C. 2008). "A furnisher of information is under no duty to conduct an

12

investigation regarding a disputed entry on a consumer's credit card report pursuant to §

1681s-2(b) until the furnisher receives notice of the dispute from a consumer reporting agency."

Krajewski v. Am. Honda Fin. Corp., 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008).

Subsection (d) of Section 1681s-2 provides that section 1681s-2(a) "shall be enforced

exclusively as provided under section 1681s of this title by the Federal agencies and officials

and the State officials identified in section 1681s of this title."  15 U.S.C.A. § 1681s-2(d).  The

Ninth Circuit in Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir.

2002), stated:

> It can be inferred from the structure of the statute that Congress did not want
> furnishers of credit information exposed to suit by any and every consumer
> dissatisfied with the credit information furnished.  Hence, Congress limited the
> enforcement of the duties imposed by § 1681s-2(a) to governmental bodies.  But
> Congress did provide a filtering mechanism in § 1681s-2(b) by making the
> disputatious consumer notify a CRA [Consumer Reporting Agency] and setting
> up the CRA to receive notice of the investigation by the furnisher.

 Nelson, 282 F.3d at 1060.

Plaintiff does not have a right to bring a private action pursuant to section 1681s-2(a).

See Sites, 2009 WL 117844, at *4 ("[T]he FCRA limits the enforcement of § 1681s-2(a) to

government agencies and officials . . . and, relatedly, curtails private rights of action for

violations of the act . . . ."); Krajewski, 557 F. Supp. 2d at 608 ("[T]here is no private right of

action based on a furnisher's failure to comply with § 1681s-2(a); enforcement of these

provisions is left to federal agencies.").  Thus, Plaintiff's claim pursuant to 15 U.S.C. §1681s-

2(a) will be dismissed.

Although Plaintiff is not entitled to seek relief under section 1681s-2(a), she may seek

relief pursuant to section 1681s-2(b).  In Krajewski, 557 F. Supp. 2d at 609 n.9, the Eastern

District found that section 1681s-2(b) was "the only provision that provides a private right of

action against furnishers of information."  Section 1681s-2(b) provides in relevant part:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a
> dispute with regard to the completeness or accuracy of any information provided
> by a person to a consumer reporting agency, the person shall-
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency
> pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate,
> report those results to all other consumer reporting agencies in which the person
> furnished the information and that compile and maintain files on consumers on a
> nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or
> incomplete or cannot be verified after any reinvestigation under paragraph (1), for
> purposes of reporting to a consumer reporting agency only, as appropriate,
> based on the results of the reinvestigation promptly-
> > (I) modify that item of information;
> > (ii) delete that item of information; or
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).  The duties on the furnisher of the information are not imposed until

the furnisher receives notice pursuant to 15 U.S.C. § 1681i(a)(2), and that notice must come

from a consumer reporting agency, and not the consumer, in order for the requirements of 15

U.S.C. § 1681s-2(b) to be triggered. See Bartell v. Dell Fin. Serv., No. 1:06cv1941, 2007 WL

89157, at *3 (M.D. Pa. Jan. 8, 2007).

14

Plaintiff's Complaint alleges that she contacted Equifax and Experian and disputed her account with WFNNB. (Dkt. 20, at ¶¶ 57, 70.) Plaintiff avers that both Equifax and Experian are credit reporting agencies, which this Court will construe as "consumer reporting agencies" pursuant to the FCRA.[2] (Id. at ¶¶ 8, 10.) She also alleges that she gave notice to WFNNB of a dispute with respect to her debt to it. Plaintiff does not, however, allege that either Experian or

_____

[2] 15 U.S.C. § 1681a(f) defines "consumer reporting agency" as

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Courts in the Third Circuit have held that Equifax and Experian are "consumer reporting agencies" under the Fair Credit Reporting Act. See Mallarkey v. Best Buy Corp., Civ. No. 07-912, 2007 WL 1816474, at *2 n.17 (E.D. Pa. June 21, 2007) ("Mullarkey's Complaint refers to Transunion, Experian, and Equifax as 'credit reporting agencies,' which the Court construes as 'consumer reporting agencies' under the FCRA."); Wesley v. Cavalry Investments, LLC, Civ. A. No. 05-3523, 2006 WL 2794065, at *1 (E.D. Pa. Sept. 27, 2006) ("Trans Union, Experian, and Equifax [are] consumer reporting agencies"); In re Miller, 335 B.R. 335 (E.D. Pa. 2005) ("A 'furnisher of information' is not specifically defined in the FCRA, but case law has 'defined it as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and Trans Union.'"); O'Brien v. Equifax Info. Serv., LLC, 382 F. Supp. 2d 733 (E.D. Pa. 2005) ("Equifax is a consumer reporting agency that receives credit information on individual consumers from various sources, including banks, creditors, and merchants."); Campbell v. Chase Manhattan Bank, USA, No. Civ. A. 02-3489, 2005 WL 1924669, at *1 (D.N.J. Aug. 10, 2005) ("It is undisputed that defendants Experian, Equifax, and Trans Union are 'consumer reporting agencies' as defined in 15 U.S.C. § 1681a(f) and the credit reports that have been produced are 'consumer reports' within the terms of 15 U.S.C. § 1681(d).").

Equifax notified WFNNB of the dispute or that WFNNB failed to investigate and modify the alleged inaccurate information after being contacted by Experian or Equifax.  See Dimedio v. HSBC Bank, Civ. No. 08-5521, 2009 WL 1796072 (D.N.J. June 22, 2009); Martinez v. Granite State Mgmt. & Res., No. 08-2739, 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008).

Plaintiff's failure to allege notification and investigation is not, however, fatal to her claim. "Courts in this Circuit have generally permitted complaints to proceed where plaintiffs allege that they notified credit reporting agencies of disputes, finding that discovery is generally necessary to evaluate whether a claim actually exists, as the claim may depend upon an act by the credit reporting agency in question." Martinez, 2008 WL 5046792, at *3 (citing Krajewski, 557 F. Supp. 2d at 610;  Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001) (finding that discovery will provide Plaintiff with the necessary information to determine whether a cause of action exists against the creditor or solely against the consumer reporting agency); Ruff v. America's Servicing Co., No. 07-489, 2008 WL 1830182, at *4 (W.D. Pa. Apr. 23, 2008); Beisel v. ABN Ambro Mortgage Inc., No. 07-2219, 2007 WL 2332494, at *1-*2 (E.D. Pa. Aug. 10, 2007)); see, e.g., Sheffer v. Experian Inf. Solutions, Inc., 249 F. Supp. 2d 560, 563 n.3 (E.D. Pa. 2003); Sullivan v. Equifax, Inc., No. Civ. A. 01-4336, 2002 WL 799856, at *2 n.3 (E.D. Pa. Apr. 19, 2002).  Consequently, WFNNB's Motion to Dismiss will be denied as Plaintiff has adequately plead a cause of action pursuant to 15 U.S.C. § 1681s-2(b) of the FCRA.

Plaintiff's Amended Complaint also alleges a cause of action pursuant to section 1681i of the FCRA. Plaintiff's brief in opposition to WFNNB's Motion to Dismiss, however, only alleges that the "cause of action of the Complaint and First Amended Complaint . . . against New York [WFNNB] is pursuant to 15 U.S.C. § 1681s(2) 'Responsibilities of furnishers of information to consumer reporting agencies' and 15 U.S.C. § 1692g 'Validation of debts'." (WFNNB Brief in Opp., Dkt. 61, at 2.) Plaintiff's brief in opposition fails to identify section 1681i of the FCRA as a cause of action. Even if Plaintiff's Amended Complaint attempted to aver a cause of action pursuant to 15 U.S.C. § 1681i, the claim is without merit as section 1681i does not provide a cause of action against WFNNB because it applies to consumer reporting agencies, and not creditors

## 2. Verizon Pennsylvania, Inc.'s Motion to Dismiss

Defendant Verizon Pennsylvania Inc. ("Verizon") filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure averring that Plaintiff failed to plead any allegation against Verizon in the Amended Complaint. (Verizon Mt. to Dis., Dkt. 64-3, at 1.) Although Plaintiff in her opposition brief provides information regarding settlement discussions with Verizon's counsel, she acknowledges that she "neglected to include Verizon Pennsylvania as a count." (Dkt. 82, at 2.) Because Plaintiff's Amended Complaint fails to plead a cause of action against Verizon, its Motion to Dismiss must be granted. See Philips, 515 F.3d at 232; Ashcroft, 129 S. Ct. at 1950.

## B. Motion to Strike Plaintiff's Brief in Response to Motion to Dismiss

Defendant Verizon, moves to Strike Plaintiff's Brief in Response to Verizon's Motion to Dismiss, arguing that the brief "improperly discloses the content of confidential settlement discussions had between the parties." (Dkt. 89-2.)  A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

Rule 408(a) of the Federal Rules of Evidence provides:

> Prohibited Uses – Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim
> . . . .

Fed. R. Evid. 408(a).  Plaintiff's brief avers that after noticing her complaint did not include claims against Verizon she "immediately contacted Verizon and proposed a settlement offer." (Verizon Brief in Opp., Dkt. 82, at 2.)  Because Plaintiff's settlement negotiations with Verizon are impertinent to any defense to a motion to dismiss, Verizon's Motion to Strike will be granted.

## C.  Plaintiff's Motion for Leave to File Amended Complaint

After responding to Verizon's Motion to Dismiss, Plaintiff moved for leave to file a

second amended complaint.  (Dkt. 67.)  Plaintiff avers that her Motion to Amend should be granted because "no discovery has been conducted, no scheduling order has been entered, and no dispositive motions have been filed," and therefore, she meets the requirements of Rule 15(a) of the Federal Rules of Civil Procedure.  (Dkt. 83, at 2.)  Additionally, Plaintiff avers that the Second Amended Complaint is not futile as it "states several bases for finding that Defendants have violated provisions of the Fair Credit Reporting Act, as well as the Fair Debt Collection[ ] Practices Act."  (Id. at 3.)  Verizon and WFNNB both filed briefs in opposition to Plaintiff's motion for leave to amend.  (Dkts. 72, 91.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The Rule notes that the "court should freely give leave when justice so requires."  Id.  The Supreme Court has held that

> [i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's proposed second amended complaint includes the same averments against all Defendants, but also includes claims against Verizon.  (Dkt. 67-3.)  Plaintiff avers that Verizon is a "creditor as defined by 15 U.S.C. §1681(a)."  (Id. at ¶ 31.) She also claims that in

September 2008, she "ran her credit report and discovered Verizon Pennsylvania was reporting an account to the Credit Reporting Agencies for $400." (Id. at ¶ 192.) She avers that she contacted "Verizon Pennsylvania, via certified mail on September 25, 2008 asking for 'validation of debt' pursuant to 15 U.S.C. § 1692(g), FDCPA § 809, VALIDATION OF DEBTS and also expressed a desire to settle the debt with the creditor upon validation . . . ." (Id. at ¶ 193.) Plaintiff alleges that Verizon has not responded to her requests for validation (in violation of 15 U.S.C, § 1692g), and that Verizon will not provide her with an accounting of the debt they are seeking to collect. (Id. at ¶¶ 194-95.) In addition, Plaintiff avers that Verizon has failed to remove the debt from her credit report in violation of 15 U.S.C. § 1681i, and has failed to mark the debt as "disputed" or "under investigation." (Id. at ¶¶ 196-97.) As a result of these actions, and inactions, which she claims are willful, wanton, and malicious, Plaintiff avers that she has been caused embarrassment and duress, and that she has suffered damage to her credit score and credit report, been denied applications for credit, and been required to pay higher interest rates. (Id. at ¶¶ 198-200.)

Verizon claims that the proposed second amended complaint fails to assert a viable claim against it. The Third Circuit has repeatedly held that "a district court may deny a request to amend if the amendment would be futile." St. Clair v. Citizens Fin. Group, No. 08-4870, 2009 WL 2186515, at *4 (3d Cir. July 23, 2009); see, e.g., Hollis-Arrington v. PHH Mort. Corp., 205 F. App'x 48, 55 (3d Cir. 2006); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d

Cir. 2002).

Plaintiff clearly alleges that Verizon is a creditor, and does not aver that Verizon has tried to collect the alleged debt in a name other than its own.  (Id. at ¶ 31.)  Because Verizon is a creditor, the FDCPA does not apply and her proposed 15 U.S.C. § 1692g claim against Verizon in her second amended complaint would be meritless.  See Pollice, 225 F.3d at 403.

Plaintiff's claim pursuant to the FCRA would also be meritless. There is no private cause of action pursuant to section 1681s-2(a).  See Nelson, 282 F.3d at 1060.  Plaintiff's claim pursuant to section 1681s-2(b) also fails.  In Plaintiff's counts against Equifax, Experian and Trans Union, she fails to allege that she disputed her Verizon account.[3]  (See Dkt. 67-3, at ¶ 59, ¶ 72.) As a result, Plaintiff has failed to plead that she notified a consumer reporting agency of a dispute regarding her Verizon account, and her proposed claim pursuant to section 1681s-2(b) would be meritless.  See Martinez, 2008 WL 5046792, at *3.  Moreover, as discussed above, Plaintiff's claim pursuant to 15 U.S.C. § 1681i is also meritless as Verizon is not a consumer reporting agency.  See Cushman, 115 F.3d at 223.  Consequently, Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 67) will be denied as futile, and Verizon will be dismissed from this action.

---

[3] This is unlike her allegations pertaining to WFNNB, which include assertions that she reported inaccuracies in the WFNNB accounts to the consumer reporting agenices.

D.  Motion for Default

On December 12, 2008, Plaintiff filed a Motion for Default Judgment Against Defendant Financial Recoveries.  (Mt. for Default, Dkt. 100.)  Plaintiff failed to file a brief in support of her Motion.

Middle District of Pennsylvania Local Rule 7.5 states:

Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn. Briefs shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion or a stipulation which has concurrence of all parties, and the reasons for the motion or the stipulation and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

Local Rule 7.5.  Thus, pursuant to Local Rule 7.5, Plaintiff was required to file a brief supporting this motion on or before June 30, 2009.

The Third Circuit affords district courts deference in enforcing its local rules. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).  In Salkeld v. Tennis, 248 F. App'x 341, 343 (3d Cir. 2007), the Third Circuit affirmed this Court's decision to treat a motion for a temporary restraining order as withdrawn due to the plaintiff's failure to comply with Local Rule 7.5.[4]  Consequently, Plaintiff's Motion for Default Judgment will be deemed withdrawn and the

---

[4] See also Bergdoll v. City of York, No. 1:08cv1879, 2009 WL 1351015, at *2 (M.D. Pa. May 12, 2009) (plaintiff's motion to amend/correct complaint was withdrawn and denied without

Motion for Default Judgment will be denied without prejudice.

E. Motions to Strike

Plaintiff filed motions to strike Defendants WFNNB, Financial Recoveries, and Verizon Pennsylvania from her credit report. (Dkt. 108; Dkt. 109; Dkt. 110.) Plaintiff's Brief in Support of her motions fails to provide any substantive legal support for the propriety of a motion to strike accounts from a credit report prior to the commencement of discovery. Plaintiff avers that Defendants' failure to validate her accounts proves her claims, and consequently judgment should be entered in her favor enjoining Defendants from collecting the debt.

Plaintiff cites to 15 U.S.C. § 1692k in support of her Motions to Strike. Although section 1692k provides for the civil liabilities in FCRA actions, it provides no support for the propriety of the granting of a motion to strike accounts from a credit report prior to discovery. Moreover, the cases cited by Plaintiff were decided following trial; none involve the entering of judgment before the commencement of discovery. See Bryant v. TRW, Inc., 689 F.2d 72, 74 (6th Cir. 1982) ("Defendant, a credit reporting agency, appeals from an adverse judgment based on a jury verdict . . . ."); Cushman v. Trans Union Corp., 115 F.3d 220, 222 (3d Cir. 1997) (judgment

---

prejudice for failure to comply with Local Rule 7.5); Lyons v. Beard, No.3:CV-07-444, 2008 WL 408399, at *1, n.1 (M.D. Pa. Feb. 12, 2008) ("Because Plaintiff failed to file a brief in support of his motion for a temporary restraining order, the motion will be deemed withdrawn"); Pabaon Osvaldo v. U.S.P. Lewisburg Warden, No. 3:CV-05-155, 2006 WL 485574, at *2 n.4 (M.D. Pa. Feb. 28, 2006) ("This motion [to compel discovery] will be deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5 due to Plaintiff's failure to file a supporting brief.").

as a matter of law entered after trial); Stevenson v. TRW Inc., 987 F.2d 288, 290 (5th Cir. 1993) (bench trial). As Plaintiff has provided no legal support for her motions entitled "Motions to Strike," they will be dismissed, without prejudice to Plaintiff's right to re-file the motions after the pleadings have closed and discovery has been completed.

## F. Plaintiff's Motion for Sanctions

On June 8, 2009, Plaintiff filed a "Motion for Sanctions for Intentionally Causing Unnecessary Delay and Needlessly Increasing the Cost of Litigation by Defendant, Verizon." (Dkt. 129.) Plaintiff alleges that she believes that "defense counsel has filed pleadings, motions, or other papers for an improper purpose such as to cause unnecessary delay or needless increase in the cost of litigation." (Id. at ¶ 17.) Attached to her motion was correspondence between herself and Verizon's counsel and copies of the credit reports reporting Plaintiff's Verizon debt. Plaintiff filed a certificate of non-concurrence with her motion (Dkt. 131), but never filed a brief in support of her motion. On June 16, 2009, Defendant Verizon responded to Plaintiff's motion (Dkt. 133), and filed a memorandum of law in opposition to the motion. (Dkt. 134.)

As discussed above, pursuant to Local Rule 7.5, Plaintiff was required to file a brief supporting this motion. Plaintiff's brief was due on or before June 30, 2009. Because she failed to file any supporting brief, the Court considers Plaintiff's motion to be withdrawn and will deny it without prejudice. See Salkeld, 248 F. App'x at 343.

## III. Conclusion

For the above-stated reasons, Defendant WFNNB's Motion to Dismiss is granted in part and denied in part. Plaintiff's claim against WFNNB pursuant to section 1681s-2(b) is the only claim against WFNNB that was properly pled and survives Defendant's Motion to Dismiss. Defendant Verizon's Motion to Dismiss will be granted. Verizon's Motion to Strike will be granted. Plaintiff's motion to file a second amended complaint will be denied. Plaintiff's three motions to strike will be denied as premature. Furthermore, because Plaintiff has failed to file supporting briefs, her motion for sanctions and motion for default judgment will be denied. An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JULIE LYNETTE KIBBIE,                    :
                          Plaintiff      :
                                         :
        v.                               :        3:CV-08-1804
                                         :        (JUDGE VANASKIE)
BP/ CITIBANK, et al                      :
                          Defendants     :

ORDER

NOW, THIS 9th DAY OF SEPTEMBER 2009, for the reasons set forth in the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

1.   WFNNB's Motion to Dismiss (Dkt. 39) is GRANTED IN PART.  Plaintiff's claim

against WFNNB pursuant to 15 U.S.C. § 1681s-2(b) survives the motion to dismiss.  All other

claims against WFNNB are DISMISSED.

2.   Verizon Pennsylvania Inc.'s Motion to Dismiss (Dkt. 64) is GRANTED, and Verizon

is dismissed as a party to this action.

3.   Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 67) is DENIED.

4.   Verizon Pennsylvania's Motion to Strike Brief in Opposition to Motion to Dismiss

(Dkt. 89) is GRANTED.

5.   Plaintiff's Motion for Default Judgment as to Defendant Financial Recoveries (Dkt.

100) is DENIED, WITHOUT PREJUDICE.

6.   Plaintiff's Motion to Strike WFNNB/New York & Co. Account from Credit Report (Dkt.

108) is DENIED.

      7.  Plaintiff's Motion to Strike Financial Recoveries Account from Credit Report (Dkt. 109) is DENIED.

      8.  Plaintiff's Motion to Strike Verizon Account from Credit Report (Dkt. 110) is DENIED.

      9.  Plaintiff's Motion for Sanctions (Dkt. 129) is DENIED.

      10. A Case Management Conference will be conducted by the Court on October 29, 2009, at 1:30 p.m., in Room 401, Federal Building, 235 North Washington Avenue, Scranton, PA.  This conference may be conducted by telephone in accordance with the procedure on the attached Notice.

        A.  The purpose of this conference is to discuss all aspects of this case, including any pending motions, as well as a schedule for (a) the completion of discovery, (b) amendment of pleadings, (c) joinder of parties, (d) filing of motions, (e) counsel's compliance with the disclosure requirements of Rule 7.1 of the Federal Rules of Civil Procedure; and (f) trial. Presently, joinder of third-party defendants is governed by Local Rules 14.1 and 14.2; amendment of pleadings by Fed.R.Civ.P. 15; the filing of pretrial motions by Local Rule 7.1; and the closing of discovery by Local Rule 26.4.  Unless modified at the Case Management Conference, these rules will continue to apply.  The subjects for consideration at the Case Management Conference will also include those matters set forth in Fed.R.Civ.P. 16(b) and (c), in addition to the following:

1)  Whether, during discovery, the parties will exchange documents in digital format; whether there are any issues as to the format to be used; and whether there are any issues as to the alteration of documents that may routinely occur when paper documents are converted to digital format.

2)  Whether the parties contemplate the use of any photographs in digital format; and whether there are any issues as to how and when digital alteration of photos is to be disclosed.

3)  Whether the parties plan to create and exchange video in digital format; as well as the arrangements for the synchronization of the audio and video of any videotaped depositions in digital format that may be shown at trial.

4)  Whether there are any issues as to the discovery of digital materials other than those identified in paragraphs 1 through 3 above (such as database), and whether the parties have agreed on ground rules for the routine business practices that affect the retention of these digital materials.

B.      It is anticipated that, prior to the Case Management Conference, the parties, at a minimum, will have complied with the disclosure requirements of Fed.R.Civ.P. 26(a) so that a reasonable discussion of the merits will take place at the conference.

C.      In accordance with Fed.R.Civ.P. 26(f) and Local Rule 16.3, lead counsel for each party shall, as soon as practicable and in any event at least five (5) days prior to the

Case Management Conference, meet and discuss in good faith the matters set forth on the Joint Case Management Plan, a copy of which is included in our Local Rules of Court and may be obtained from the Clerk's Office. The completed Joint Case Management Plan must be filed at least five (5) days prior to the Case Management Conference. Sanctions may be imposed if a party or a party's attorney fails to participate in good faith in the conference required by Fed.R.Civ.P. 26(f) and Local Rule 16.3(a). <u>See</u>, <u>e.g.</u>, Fed.R.Civ.P. 37(g).

D.     If the parties agree to refer this matter to a Magistrate Judge for pretrial and trial purposes, they should notify the Court in writing no later than three (3) days before the scheduled case management conference, and the conference will be canceled. The case will then be referred to a Magistrate Judge who will re-schedule the case management conference.

E.     In accordance with Fed.R.Civ.P. 16(c) and Local Rule 16.2, at least one of the attorneys for each party participating in the Case Management Conference shall be familiar with the case; shall have authority to enter into stipulations and to make admissions regarding all matters that the parties reasonably anticipate may be discussed; and shall have complete settlement authority. If an attorney does not have complete settlement authority, the party or person with full settlement authority shall be available by telephone. Counsel is responsible for notifying the person with settlement authority of the requirements of Local Rule 16.2, as well as the date of the Case Management Conference.

F.     It is the affirmative duty of both counsel and the Court to avoid undue cost

4

or delay in litigation.  Counsel should be familiar with the Expense and Delay Reduction Plan adopted by the United States District Court for the Middle District of Pennsylvania, and are expected to comport themselves in a manner intended to secure the just, speedy and inexpensive determination of this action.

G.      The Court has implemented an "Electronic Case Filing (ECF)" system. This system enables counsel to file and docket pleadings, motions, briefs, etc. directly from their offices via the internet.  Information on the Court's ECF system can be obtained at the Court's website, www.pamd.uscourts.gov.  Counsel are directed to familiarize themselves with the Court's ECF system. Effective September 3, 2003, counsel may be required to show cause why they should not be required to file documents through the ECF system. Use of the system will be discussed at the case management conference.


                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge