IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE LYNETTE KIBBIE,  :
    Plaintiff  :
         :
  v.  :  3:CV-08-1804
         :  (JUDGE VANASKIE)
BP/ CITIBANK, et al  :
    Defendants  :

MEMORANDUM

Before the Court is Plaintiff's motion for default judgment as to Defendant Financial Recoveries. (Dkt. 141.)[1] As Financial Recoveries has yet to appear or defend this action, there is no opposition to the motion. Accordingly, for the reasons that follow, Plaintiff's motion for default judgment will be granted and Plaintiff will be directed to submit evidence to support the amount of damages requested.

I.   BACKGROUND

On September 30, 2008, Plaintiff, proceeding pro se, filed the above-captioned action against numerous defendants, including Financial Recoveries, seeking relief under

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. The page numbers referenced in this Memorandum opinion refer to the page number of the electronic CM/ECF record.

the Fair Credit Reporting Act and the Fair Debt Collections Practices Act. (Dkt. 1.) On October 27, 2008, Plaintiff filed an amended complaint. (Dkt. 20.) Her Amended Complaint alleges that she asked for validation of debt pursuant to 15 U.S.C. § 1692(g) and expressed a desire to settle her debt with Financial Recoveries, but that both attempts resulted in her communication being returned to sender. (Amend. Comp., Dkt. 20, at ¶¶ 146-149.) Plaintiff alleges that Financial Recoveries, "has not responded to Plaintiff's Request for Validation in violation of 15 U.S.C. § 1692(g)," "has failed to remove the alleged debt from Plaintiff's credit report in accordance with 15 U.S.C. § 1681(i)," "has failed to mark the debt as 'disputed' or 'under investigation' on Plaintiff's credit report in accordance with 15 U.S.C. § 1681(i)," and "has failed to update their address with the credit bureaus in accordance with 15 U.S.C. § 1681(s)(2)." (Id. at ¶¶151-154.) Accordingly, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692(k), plus attorney's fees and all allowable costs of suit. (Id.)

Financial Recoveries has failed to appear, answer, move or otherwise respond to the pleadings. On October 20, 2008, Financial Recoveries' summons was returned unexecuted with a note that Financial Recoveries had relocated seven years ago. (Dkt. 49.) On October 27, 2008, a summons was returned executed from Financial Recoveries at 886 Englewood Ave., Buffalo, NY 14223. (Dkt. 50.) The summons was delivered to Edward Forrester, President of Financial Recoveries. (Id.) It thus appears that service of process has been effectuated, yet Financial Recoveries has not entered an appearance or otherwise

defended this action.

On October 22, 2009, Plaintiff filed a Motion for Default Judgment as to Financial Recoveries. (Dkt. 141.) Financial Recoveries has not filed a brief in opposition to Plaintiff's motion. As the time for filing a brief in opposition has now passed, see Local Rule 7.6 ("Any party opposing any motion shall file a brief in opposition . . . within fourteen (14) days after service of the movant's brief), Plaintiff's motion for default judgment is now ripe for review.

II. DISCUSSION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, in order for default to be entered by the court, "the party must apply to the court for a default judgment," and "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (a) conduct an accounting; (b) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (d) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment. See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when the defendant is technically in default . . . ." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2685 (2008). "In determining whether

default judgment should be entered the court should consider: "(1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable." T & C Leasing, Inc. v. BBMC, LLC, No. 1:09cv873, 2010 WL 231128, at *2 (M.D. Pa. Jan. 14, 2010) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).

"However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." Id. at *2. "When a defendant fails to appear . . . the district court . . . is authorized to enter a default judgment based solely on the fact that the default has occurred." Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

In the case sub judice Financial Recoveries has failed to enter an appearance or otherwise defend the action. Plaintiff has established service of process. As Defendant has failed to defend this action, or communicate with this Court in any way, this Court cannot determine whether defendant has a meritorious defense or whether Financial Recoveries' conduct is excusable or culpable. See T & C Leasing, Inc., 2010 WL 231128, at *2. Accordingly, entry of default judgment is appropriate.

Plaintiff's requested damages of $10,000.00, plus additional damages and costs of

suit, however, will not be awarded at this time. "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (a) conduct an accounting; (b) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (d) investigate any other matter." Fed. R. Civ. P. 55(b)(2). "[T]he Court need not conduct an evidentiary hearing prior to awarding a plaintiff statutory damages pursuant to a default judgment if the plaintiff presents sufficiently 'detailed affidavits' to permit the court to apply the appropriate factors in awarding statutory damages." Universal City Studios, Inc. v. Ahmed, No. 93-3266, 1994 WL 185622, at *2 (E.D. Pa. May 13, 1994).

Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k. Subsection (a) of 15 U.S.C. § 1692k, "Amount of damages," provides: "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such personas a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ." 15 U.S.C. § 1692k. Plaintiff has failed to present any affidavits to support her claim that $10,000.00 encompasses appropriate damages in this action. Furthermore, the statutory cap on damages for Plaintiff's claim is $1,000.00. See 15 U.S.C. § 1692k(a)(2)(A).

Consequently, within fourteen (14) days of the date of this memorandum, Plaintiff shall provide to the Court a detailed affidavit, accompanied by appropriate documentary

evidence, by which this Court can determine Plaintiff's damages. If Plaintiff is unable to support her claim for damages with documentation, the Court will schedule an evidentiary hearing on the matter.

III. CONCLUSION

Accordingly, Plaintiff's Motion for Default will be granted, but the determination of the amount of the judgment shall be deferred pending receipt of competent proof. An appropriate order follows.

                                           s/ Thomas I. Vanaskie_____
                                           United States Circuit Judge
                                           Sitting by Designation on the District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JULIE LYNETTE KIBBIE, :
      Plaintiff :
       :
  v. : 3:CV-08-1804
       : (JUDGE VANASKIE)
BP/ CITIBANK, et al :
      Defendants :

ORDER

NOW, THIS 23rd DAY OF JUNE, 2010, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Default Judgment Against Defendant, Financial Recoveries (Dkt. 141), is GRANTED.

2. Within fourteen (14) days of the date of this order, Plaintiff shall provide the Court with a detailed affidavit, accompanied by appropriate documentary evidence, by which this Court can determine Plaintiff's damages.

                                  s/ Thomas I. Vanaskie_____
                                  United States Circuit Judge
                                  Sitting by Designation on the District Court