# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JULIE LYNETTE KIBBIE,** | : | Civil Action No. 3:08-CV-1804 |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | |
| | : | |
| **EXPERIAN, FINANCIAL,** | : | |
| **RECOVERIES, NEW YORK & CO.,** | : | |
| **and JOHN DOE,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 30, 2008, Plaintiff Julie Kibbie, acting *pro se*, filed this action alleging numerous violations of the Fair Credit Reporting Act and Fair Debt Collections Practices Act ("FDCPA"). Plaintiff settled her claims with all Defendants except Defendants Experian, Financial Recoveries, and New York & Co. Defendant Financial Recoveries has not entered an appearance in this case to this day. Plaintiff subsequently moved for default judgment against it. (Doc. Nos. 100, 141.) On June 23, 2010, the Court found Defendant Financial Recoveries to be in default and ordered Plaintiff to produce evidence of her damages within fourteen days or, alternatively, to appear at a damages hearing. (Doc. No. 155.) Plaintiff neither produced evidence of damages nor appeared at the designated time for a hearing. (Doc. No. 160.) Accordingly, the Court is left entirely without evidence of actual damages or facts upon which it could conclude that Plaintiff is entitled to "additional damages" as allowed by the FDCPA. 15 U.S.C. § 1692k. Though the statute also mandates an award of costs and reasonable attorney's fees for a successful action, Plaintiff is not entitled to attorney's fees because she is a *pro se*

litigant. See Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991) (finding that an award of reasonable attorney's fees is mandated by the statute); 15 U.S.C. § 1692k(a)(3); Kay v. Ehrler, 499 U.S. 432 (1991) (finding that *pro se* litigants are not entitled to attorney's fees). The record does indicates, however, that Plaintiff incurred the cost of the $350 filing fee. (Doc. No. 1.) Accordingly, Plaintiff is entitled to the nominal amount of $350 for costs incurred in the litigation, despite the judgment of liability against Defendant for failing to appear.

**AND NOW**, this 26th day of July 2010, upon consideration of the foregoing and Plaintiff's failure to provide evidence of damages, **IT IS HEREBY ORDERED** that the Clerk of Court is directed to enter judgment in Plaintiff's favor and against Defendant Financial Recoveries in the amount of $350.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court