IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIE LYNETTE KIBBIE,** : | Civil Action No. 3:08-CV-1804 |
| : | |
| **Plaintiff** : | (Chief Judge Kane) |
| : | |
| v. : | |
| : | |
| **EXPERIAN, FINANCIAL,** : | |
| **RECOVERIES, NEW YORK & CO.,** : | |
| **and JOHN DOE,** : | |
| : | |
| **Defendants** : | |

**MEMORANDUM AND ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 30, 2008, Plaintiff Julie Kibbie, acting *pro se*, filed this action alleging numerous violations of the Fair Credit Reporting Act and Fair Debt Collections Practices Act. Plaintiff settled her claims with all Defendants except Defendants Experian, Financial Recoveries, and New York & Co. (Doc. Nos. 114, 121, 130, 146.) On May 11, 2010, a telephone conference was scheduled between Plaintiff and the remaining Defendants, but Plaintiff did not appear. (Doc. No. 153.) On June 28, 2010, Plaintiff failed to appear at a scheduled deposition with Defendant New York & Co. (Doc. No. 156-3.) On July 15, 2010, Defendant New York & Co. moved for sanctions against Plaintiff for failing to appear at her deposition. (Doc. No. 156.) Plaintiff has declined to respond to the motion. Subsequent to the motion, however, Plaintiff has failed to attend one additional court appearance (Doc. No. 160), but has not evidenced a desire to abandon her case completely. Indeed, on August 3, 2010, she filed a "stipulation of dismissal," seeking voluntary dismissal with prejudice of her claims against Defendant New York & Co. (Doc. No. 165.)

Pending before the Court, then, is Defendant New York & Co.'s motion for sanctions. In its motion for sanctions, Defendant argues that $5,595 in attorney's fees, in addition to dismissal with prejudice, should be awarded pursuant to Federal Rules of Civil Procedure 30 and 37(d) for Plaintiff's failure to appear at a deposition. The Court has already granted Plaintiff's voluntary dismissal with prejudice of her claims against Defendant, and therefore, the only issue remaining for the Court's consideration is whether a sanction of attorney's fees is warranted.

Federal Rule of Civil Procedure 30(g) states that "a party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition". Fed. R. Civ. P. 30(g)(1). Federal Rule of Civil Procedure 37(d) provides that a court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). The rules provide that a court may, but need not, award sanctions. The Third Circuit Court of Appeals has interpreted this to mean that a district court has broad discretion in determining whether sanctions are warranted under either statute. See Fed. R. Civ. P. 30, 37; Bowers v. Nat'l Coll. Athl. Ass'n, 475 F.3d 524, 538 (3d Cir. 2007) ("The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court."). The Third Circuit has also provided a list of factors for district courts to consider in determining whether extreme sanctions, such as the dismissal sought by Defendants in this case, are warranted. Because those factors also shed light upon whether lesser sanctions should be ordered, the Court will consider the following six factors in determining whether attorney's fees, in addition to the dismissal, are warranted in this case:

> 1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986) (applying Poulis factors to Rule 37 sanctions other than dismissal).

The Court will begin by considering the first factor, Plaintiff's personal responsibility, and the fourth factor, the motive behind Plaintiff's discovery violation, in tandem. Plaintiff is representing herself in this case, thus only she can be deemed responsible for her failure to appear at the designated time for her deposition. Yet, the record indicates that Defendant only notified Plaintiff of her need to appear within two weeks of the scheduled date. (Doc. No. 156-3 at 4-5.) The record does not indicate that Plaintiff had ever confirmed her availability at the particular date, time, and place set by Defendants. Nothing on the record suggests that Plaintiff's failure to attend was willful or in bad faith. Indeed, her voluntary stipulation of dismissal indicates only a good faith desire to resolve her remaining claims without imposing unnecessary costs on Defendant. The Court finds that the first factor weighs only marginally in favor of sanctions and the fourth factor weighs decidedly against sanctions.

Considering the second factor, the Court finds that Defendant was prejudiced by Plaintiff's failure to appear. Although Plaintiff has ultimately voluntarily dismissed the suit with prejudice, making her deposition testimony unnecessary to an outcome favorable for Defendant, Defendant expended resources in preparing for a deposition Plaintiff failed to attend. This factor

3

weighs in favor of the imposition of additional monetary sanctions.

The third factor also weighs in favor of sanctions. As noted above, Plaintiff has a history of dilatoriness in this litigation. At the time of the filing of this motion, however, Plaintiff had only failed to appear at one court-ordered telephone conference. Plaintiff did fail to appear at an additional Court-ordered hearing, but such failure did not burden Defendant, as it was a hearing on a motion unrelated to Plaintiff's claims against Defendant.

With regard to the fourth Poulis factor, the Third Circuit has held that willfulness involves "strategic," "intentional or self-serving behavior." Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). Mere "inexcusable negligent behavior" is not willful. Id. Plaintiff has given no explanation as to why she failed to appear for the deposition. Accordingly, the Court is unable to conclude that Plaintiff's conduct amounts to "the type of willful or contumacious behavior which [is] characterized as flagrant bad faith." Id. (internal citations omitted). This factor weighs against sanctions.

The fifth factor requires the Court to consider the other available sanctions. Of course, Plaintiff has already stipulated to the complete dismissal of her claims against Defendant, the most severe sanction available. Given that the dismissal ended the litigation between the parties, the Court concludes that the dismissal of the case will be effective in deterring Plaintiff from similar burdens on Defendant's time and resources in the future. No additional sanction is needed to achieve that deterrence, and given the minimal burden incurred by Defendant in this instance, no additional sanction is needed to sufficiently penalize Plaintiff's failure to appear.

Though the Court does not have the benefit of summary judgment filings to consider the sixth factor, whether Plaintiff's claims were meritorious, the other parties' willingness to settle

4

their claims with Plaintiff and the Court's finding that Plaintiff's complaint was sufficient to withstand a motion to dismiss indicate that at least some of her claims were valid.  In any event, this factor should receive only minimal consideration at this point, given that Plaintiff has stipulated to dismissal of all of her claims against Defendant. The dismissal indicates an acknowledgment that she has no intent to pursue frivolous claims against Defendant.

In consideration of all the factors, then, and the fact that Defendant has already received a significant remedy by virtue of Plaintiff's stipulation of dismissal, the Court finds that an additional sanction of attorney's fees is not warranted in this case.

**AND NOW**, this 9th day of November 2010, upon consideration of Defendant's motion for sanctions (Doc. No. 156), **IT IS HEREBY ORDERED** that the motion is **DENIED.**

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania