## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JULIE LYNETTE KIBBIE,** | : | Civil Action No. 3:08-CV-1804 |
| **Plaintiff** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **B.P./Citibank, et al.,** | : | |
| **Defendants** | : | |

### MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 30, 2008, Plaintiff, proceeding pro se, filed this action alleging numerous violations of the Fair Credit Reporting Act and Fair Debt Collections Practices Act. Plaintiff has settled her claims with all Defendants except Defendants Experian and John Doe. On August 9, 2010, Plaintiff filed a stipulation of dismissal of Defendant New York & Co. (Doc. No. 165.) After hearing nothing further from Plaintiff, the Court scheduled a status telephone conference for May 23, 2011. (Doc. No. 169.) This order was subsequently returned as undeliverable on June 1, 2011. (Doc. No. 171.) When contacted by the Court on May 23, 2011, Plaintiff stated that she was not prepared to discuss the case status at that time. (Doc. No. 170.) Accordingly, on May 23, 2011, the Court ordered Plaintiff to file a status report by June 7, 2011. (Doc. No. 170.) The Court cautioned Plaintiff that failure to file a status report by that date may result in a dismissal of this action for failure to prosecute. (Id. at 1.) This order was also returned as undeliverable on June 6, 2011. (Doc. No. 172.) It has been over ten months since the Court received any correspondence from Plaintiff. Plaintiff has not notified the court of her current address as required by Local Rule 83.18. See M.D. Pa. L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party

shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.").

A district court should provide a plaintiff with an opportunity to explain her reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). After a plaintiff is given an opportunity to be heard, the Third Circuit has outlined the analysis a district court should undergo before dismissing a case for failure to prosecute, explaining that the trial court should balance the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

First, Plaintiff is proceeding pro se, and her failure to comply with the Local Rules or Court orders cannot be blamed on counsel. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Second, it is highly prejudicial to Defendants to allow this case to continue to linger indefinitely. Briscoe, 538 F.3d at 259 ("[P]rejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly

irremediable burdens or costs imposed on the opposing party." (internal quotation marks and citation omitted)).

Third, Plaintiff has shown a history of dilatoriness in this action. On May 11, 2010, a telephone conference was scheduled between Plaintiff and the remaining Defendants, but Plaintiff did not appear. (Doc. No. 153.) On June 28, 2010, Plaintiff failed to appear at a scheduled deposition with Defendant New York & Co. (Doc. No. 156-3.) On July 15, 2010, Defendant New York & Co. moved for sanctions against Plaintiff for failing to appear at her deposition. (Doc. No. 156.) Plaintiff declined to respond to the motion. Subsequent to Defendant New York & Co.'s motion, Plaintiff failed to attend an additional court appearance. (Doc. No. 160.) It has now been over ten months since the Court has received correspondence from Plaintiff, and the address provided by Plaintiff is incorrect. Plaintiff has given no indication whatsoever that she intends to prosecute her case.

Fourth, although though she was given an opportunity to file a status report, Plaintiff has not provided the Court with any reason for her nonperformance. Accordingly, her failure to prosecute this action must be deemed willful. See Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008) (finding plaintiff was not willful where he was not given an opportunity to explain his reason for failing to attend a hearing). Fifth, the Court is unable to find an alternative sanction to dismissing Plaintiff's case. See id. at 262 ("[W]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate.").

Sixth, in determining whether a plaintiff's claim is meritorious, a court is to use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Id. at 263 (citing

Poulis, 747 F.2d at 869-70).  The other parties' willingness to settle their claims with Plaintiff and the Court's finding that Plaintiff's complaint was sufficient to withstand a motion to dismiss indicate that at least some of her claims are valid.

Though the merits of Plaintiff's remaining claims are colorable, the Court finds that the balance of the other Poulis factors tip in favor of dismissal.  Plaintiff has exhibited a history of dilatoriness in this action by failing to appear for court-ordered appearances, failing to appear for a deposition, and failing to respond to Defendant New York & Co.'s motion for sanctions.  Over nine months passed without any communication from Plaintiff, and when the Court did contact Plaintiff on May 23, 2011, for a court-ordered status telephone conference, Plaintiff indicated that she was not prepared to discuss the case status at that time.  The address provided by Plaintiff as her source of contact is incorrect.  Plaintiff has not provided the Court with a current address at which she can be reached, and she has made no indication whatsoever that she plans to pursue her claims.

**ACCORDINGLY**, on this 16th  day of June 2011, **IT IS HEREBY ORDERED** that Plaintiff's case is **DISMISSED** without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United State District Court
    Middle District of Pennsylvania